Nos. 19-1145, 19-1375 & 19-1978

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

ASHOOR RASHO, ET AL.,

*Plaintiffs/Appellees*,

v.

ROB JEFFREYS, DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND MELVIN HINTON, ACTING STATEWIDE MENTAL HEALTH SUPERVISOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS,

*Defendants/Appellants*.

On Appeal from the United States District Court
for the Central District of Illinois
Case No. 07-C-1298
Honorable Michael M. Mihm

# MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* BY AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, AND RODERICK & SOLANGE MACARTHUR JUSTICE CENTER

John L. Gibbons
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel.: (202) 736-8000
Fax: (202) 736-8711

Robert N. Hochman
Leslie Kuhn-Thayer
Kathleen E. Garvey
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
rhochman@sidley.com

*Counsel for Amici Curiae*

1. Pursuant to Rule 29(b) of the Federal Rules of Appellate Procedure, the American Civil Liberties Union (ACLU), American Civil Liberties Union of Illinois (ACLU of Illinois), and Roderick & Solange MacArthur Justice Center (RSMJC) respectfully move for leave to file the attached brief as amici curiae in support of rehearing en banc and affirmance.

2. The ACLU is a nationwide, nonprofit, nonpartisan organization with more than 1.7 million members dedicated to the principles of liberty and equality embodied in the Constitution. The ACLU established the National Prison Project (NPP) in 1972 to protect and promote the civil and constitutional rights of incarcerated people. The NPP has decades of experience in prisoners' rights class-action suits and since 1990 has represented incarcerated people in five cases before the U.S. Supreme Court. Courts nationwide repeatedly recognize the NPP's special expertise in cases dealing with confinement conditions.[1]

---

[1] *See, e.g.*, *Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990); *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983); *Duvall v. O'Malley*, No. CV ELH-94-2541, 2016 WL 3523682, at *9 (D. Md. June 28, 2016); *Dockery v. Fisher*, 253 F. Supp. 3d 832, 856 (S.D. Miss. 2015); *Riker v. Gibbons*, No. 3:08-cv-00115-LRH-VPC, 2010 WL 4366012, at *4 (D. Nev. Oct. 28,

3. The ACLU of Illinois is the ACLU's state affiliate, with more than 75,000 members and supporters across Illinois. The ACLU of Illinois has appeared before numerous courts, including this Court, in a wide range of institutional reform cases. Currently these include *Lippert v. Jeffreys*, No. 1:10-cv-04603 (N.D. Ill.) (consent decree on behalf of Illinois state prisoners with physical healthcare needs), and *Monroe v. Jeffreys*, No. 3:18-cv-00156-NJR-MAB (S.D. Ill.) (ongoing class action on behalf of transgender prisoners in Illinois state prisons).

4. RSMJC is a public interest law firm founded in 1985 by the family of J. Roderick MacArthur to advocate for human rights and social justice through litigation. RSMJC has offices at Northwestern Pritzker School of Law and at the University of Mississippi School of Law, as well as in New Orleans, St. Louis, and Washington, D.C. RSMJC attorneys have led civil-rights litigation addressing police misconduct, compensation for the wrongfully convicted, and the treatment of incarcerated men

---

2010); *Diaz v. Romer*, 801 F. Supp. 405, 410 (D. Colo. 1992), *aff'd*, 9 F.3d 116 (10th Cir. 1993).

and women. RSMJC litigates appeals related to the civil rights of incarcerated men and women.

5. Because of amici's broad experience and recognized subject-matter expertise, amici are uniquely positioned to offer the attached brief, which will "add value to [the Court's] evaluation of the issues presented" by Appellees' petition. *Prairie Rivers Network v. Dynegy Midw. Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers). In particular, amici have important perspectives on the effects the published panel decision will have on institutional reform litigation in this circuit going forward. *See id.* (noting that a valuable amicus brief can "[p]rovid[e] practical perspectives on the consequences of potential outcomes"). Such practical effects are a crucial part of assessing whether the appeal "involves a question of exceptional importance" so as to merit rehearing en banc. Fed. R. App. P. 35(a)(2).

6. Furthermore, by virtue of their work in federal and state courts across the country, amici have valuable insight into how other circuits approach these issues and manage similar cases. *See Prairie Rivers*, 976 F.3d at 763 (noting that an amicus brief may "[i]dentify[] how other other jurisdictions ... have approached one or another aspect of a legal

question"). These perspectives will help the Court evaluate whether "the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." Fed. R. App. P. 35(b)(1)(B).

7. Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), amici state that no party's counsel authored the brief in whole or in part; no party or party's counsel contributed money intended to fund preparing or submitting the brief; and no other person other than *amici*, their members, or their counsel contributed money intended to fund preparing or submitting the brief.

8. All parties have consented to this brief's filing.

9. For the foregoing reasons, amici respectfully request leave to file the attached brief as amici curiae in support of rehearing en banc and affirmance.

Dated: February 17, 2022            Respectfully submitted,

                                               */s/ Robert N. Hochman*
                                               Robert N. Hochman

| John L. Gibbons | Robert N. Hochman |
| SIDLEY AUSTIN LLP | Leslie Kuhn-Thayer |
| 1501 K Street, N.W. | Kathleen E. Garvey |

Washington, D.C. 20005  
Tel.: (202) 736-8000  
Fax: (202) 736-8711  

SIDLEY AUSTIN LLP  
One South Dearborn  
Chicago, IL 60603  
Tel.: (312) 853-7000  
Fax: (312) 853-7036  
rhochman@sidley.com  

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, I caused the foregoing to be electronically filed with the U.S. Court of Appeals for the Seventh Circuit via the CM/ECF system, which will automatically send email notifications of such filing to all attorneys of record.

*/s/ Robert N. Hochman*
Robert N. Hochman

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 19-1145, 19-1375, 19-1978

Short Caption: Ashoor Rasho et al. v. Rob Jeffreys et al.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
American Civil Liberties Union, American Civil Liberties Union of Illinois, Roderick & Solange MacArthur Justice Center

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Sidley Austin LLP

(3) If the party, amicus or intervenor is a corporation:

   i) Identify all its parent corporations, if any; and
      None

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
      None

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
   n/a

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
   n/a

Attorney's Signature: /s/ Robert N. Hochman     Date: 2/16/2022

Attorney's Printed Name: Robert N. Hochman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [✓]   No [ ]

Address: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603

Phone Number: (312) 853-7000     Fax Number: (312) 853-7036

E-Mail Address: rhochman@sidley.com

rev. 12/19 AK